UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TERRY F. CLARK,

          Plaintiff,

-vs-                                      Case No. 5:04-cv-667-Oc-10GRJ

DEPARTMENT OF CHILDREN AND
FAMILIES, STATE OF FLORIDA,

          Defendant.
_____

## **O R D E R**

This racial discrimination and retaliation case is before the Court for consideration of the Defendant's Motion to Dismiss (Doc. 9), to which the Plaintiff has responded (Doc. 12). The motion is ripe for review and the Court concludes that it is due to be denied.

### **Background**

The facts, as set forth in the Plaintiff's Complaint (Doc. 1), are as follows. The Plaintiff, who is African American, began his employment with the Defendant on July 1, 2001 as a Family Services Counselor. The Plaintiff was later promoted to Child Protective Investigator Supervisor, and was in this supervisory position when he was terminated by the Defendant. The Plaintiff alleges from the beginning of his employment, until March 31, 2003, he received positive employment evaluations and received no reprimands for his job performance.

On June 27, 2004, an investigative report from Office of the Inspector General was released which cited the Plaintiff, as well as many others, for mistakes made in the handling of investigations. The Plaintiff disputes that he had made a mistake during one of his investigations. In addition, the Plaintiff claims that in reaction to the investigative report, the Defendant treated the Plaintiff differently because of his race. In support, the Plaintiff alleges that the Defendant took no adverse action against other employees who were not African American and who made similar mistakes as the Plaintiff.

On October 23, 2003, the Plaintiff was advised that he was going to be demoted. The day after learning of his demotion, the Plaintiff spoke with Genet Stewart, Acting Operations Program Administrator, and advised her that he was going to file a discrimination complaint against the Defendant. Later that same day, the Plaintiff spoke to Jeff Carr, the Plaintiff's supervisor, who told the Plaintiff he had the option of resigning or being terminated. On October 25, 2003, the Plaintiff received a certified letter dated October 24, 2003 stating that he had been terminated. On October 29, 2003, the Plaintiff received another certified letter, which was now dated October 22, 2003, stating that the Plaintiff had been terminated. The Plaintiff alleges that the Defendant backdated the second letter to cover up any wrongdoing by the Defendant.

In the first count of the Complaint, the Plaintiff alleges that the Defendant's termination of the Plaintiff, while not taking any adverse action against non-African American employees who also made investigation mistakes, violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. The second count of the

Complaint alleges that when the Defendant learned that the Plaintiff was going to file a discrimination complaint, the Defendant retaliated against the Plaintiff in violation of Title VII by terminating the Plaintiff, rather than just demoting him.

The Defendant moves for dismissal of the Plaintiffs' claims because the Complaint allegedly fails to state a claim for which relief can be granted. The Defendant contends that the Plaintiff fails to identify the employees who received more favorable treatment, and the mere allegation that the Plaintiff may have been treated differently than other non-African American employees does not state a claim for discrimination. Additionally, the Defendant argues the Plaintiff's retaliation claim should be dismissed because the Defendant's termination of the Plaintiff was an appropriate disciplinary action, in light of the fact that the Plaintiff admits that he made mistakes while handling an investigation. The Defendant also contends that the retaliation claim should be dismissed because the Plaintiff fails to allege that Genet Stewart played any part in the Plaintiff's termination, and fails to allege that Jeff Carr had any knowledge of the Plaintiff's discrimination complaint.

In response, the Plaintiff contends that the Defendant's motion to dismiss is without merit, arguing that the Defendant cites no authority for its propositions and that the Defendant may obtain more detailed information about those employees who were treated differently than the Plaintiff through discovery. Further, the Plaintiff argues that he has set forth sufficient allegations to establish a prima facie case of retaliation under the law of this Circuit.

**Motion to Dismiss Standard**

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."[1]  Thus, if a complaint "shows that the Plaintiff is entitled to <u>any</u> relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently pled.[2]  As the Supreme Court declared in <u>Conley v. Gibson</u>, a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[3]  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim."[4]  Instead, all that is required is that the claimant set forth a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."[5]  However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim,

---

[1]  <u>Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.</u>, 400 F.2d 465, 471 (5th Cir. 1968).

[2]  <u>Dotschay v. Nat. Mut. Ins. Co.</u>, 246 F.2d 221 (5th Cir. 1957).

[3]  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  <u>See also</u> <u>Cook & Nichol, Inc. v. The Plimsoll Club</u>, 451 F.2d 505 (5th Cir. 1971).

[4]  <u>Conley</u>, 355 U.S. at 47.

[5]  <u>Id.</u>

it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."[6]

## Discussion

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race. . . ."[7] In a Title VII case, the Plaintiff bears the burden of proving that the employer intentionally discriminated against him because of his race.[8] A Title VII plaintiff can prove discriminatory intent by either direct or circumstantial evidence.[9] In a circumstantial case, the Plaintiff may prove his case of racial discrimination by following the burden-shifting framework established by the United States Supreme Court in McDonnell-Douglas Corp. v. Green.[10] Under this framework, the Plaintiff may establish a prima facie case by showing (1) he is a member of a protected class, (2) he was qualified for the job or benefit at issue, (3) he was subjected to an adverse employment action, and (4) his employer treated similarly situated employees who were not members of his protected class more

---

[6] Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

[7] 42 U.S.C. § 2000e-2(a).

[8] See Holifield v. Reno, 115 F.3d 1555, 1565 (11th Cir. 1997); Cooper v. Southern Co., 390 F.3d 695, 723 (11th Cir. 2004).

[9] Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990).

[10] 411 U.S. 792 (1973).

favorably.[11] Once a prima facie case is established under the McDonnell-Douglas framework, a presumption of unlawful discrimination arises.[12]

Title VII also contains an anti-retaliation provision, which makes it unlawful for an employer to retaliate against any individual because he "has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."[13] In the absence of direct evidence of a retaliatory motive, a plaintiff may establish a prima facie case of retaliation under Title VII by showing (1) he engaged in protected activity, (2) he suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action.[14] Once the plaintiff makes out a prima facie case, a presumption of retaliation arises.[15]

The Court concludes that the Plaintiff has made sufficient allegations to support his claims of discrimination and retaliation against the Defendant. In support of his discrimination claim, the Plaintiff alleges that he is an African American who was qualified for his position, as established by his performance evaluations, and who was terminated

---

[11] Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 842-43 (11th Cir. 2000).

[12] Walker v. Prudential Prop. & Cas. Ins. Co., 286 F.3d 1270 (11th Cir. 2002).

[13] 42 U.S.C. § 2000e-3(a).

[14] Stavropoulos v. Firestone, 361 F.3d 610, 616 (11th Cir. 2004).

[15] See Sullivan v. Nat'l R.R. Passenger Corp., 170 F.3d 1056, 1059 (11th Cir. 1999). Retaliation is a separate offense under Title VII; an employee need not prove discrimination for the retaliation claim to succeed. Id.

from his employment, whereas others who were not African American and who were also cited in the investigative report for their mistakes were not disciplined.  These allegations are sufficient to state a claim upon which relief may be granted.  With respect to the Plaintiff's retaliation claim, the Plaintiff alleges that after he told his employer that he was going to file a discrimination complaint, he was terminated from his employment, rather than just demoted as was originally discussed.  These allegations are also sufficient to state a claim upon which relief may be granted.

## Conclusion

Accordingly, upon due consideration, the Defendant's Motion to Dismiss (Doc. 9) is DENIED in all respects.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 29th day of April, 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record